ROPERS, MAJESKI, KOHN & BENTLEY, P.C.
17 State Street, Suite 2400
New York, New York 10004
Tel.:  (212) 668-5927
Fax:  (212) 668-5929

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

XIAMEN EASEPAL ENTERPRISES     :
LIMITED

            Plaintiff,            :    CIVIL ACTION NO.: 2:06-cv-03500-HAA

   -against-               :    **ANSWER**

ELEGANT USA, LLC           :    **JURY TRIAL DEMANDED**

            Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Defendant Elegant USA, LLC ("Elegant") as and for its Answer to the First Amended

Complaint (the "Complaint"), alleges upon information and belief as follows:

### PARTIES

      1.     Elegant denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 1 of the Complaint.

      2.     Elegant admits each and every allegation contained in paragraph 2 of the

Complaint.

### JURISDICTION

      3.     Elegant denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 3, and refers all questions of law to the Court.

      4.     Elegant denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 4 of the Complaint, and refers all questions of law to the Court.

5.      Elegant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, and refers all questions of law to the Court.

6.      Elegant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and refers all questions of law to the Court.

## FACTUAL BACKGROUND

7.      Elegant admits each and every allegation contained in paragraph 7 of the Complaint.

8.      Elegant admits each and every allegation contained in paragraph 8 of the Complaint.

9.      Elegant admits each and every allegation contained in paragraph 9 of the Complaint.

10.     Elegant admits each and every allegation contained in paragraph 10 of the Complaint.

11.     Elegant admits each and every allegation contained in paragraph 11 of the Complaint.

12.     Elegant admits each and every allegation contained in paragraph 12 of the Complaint.

13.     Elegant admits each and every allegation contained in paragraph 13 of the Complaint.

14. Elegant admits each and every allegation contained in paragraph 14 of the Complaint.

15. Elegant admits each and every allegation contained in paragraph 15 of the Complaint.

16. Elegant admits each and every allegation contained in paragraph 16 of the Complaint.

17. Elegant admits each and every allegation contained in paragraph 17 of the Complaint.

18. Elegant admits each and every allegation contained in paragraph 18 of the Complaint.

19. Elegant admits each and every allegation contained in paragraph 19 of the Complaint.

20. Elegant admits each and every allegation contained in paragraph 20 of the Complaint.

21. Elegant admits each and every allegation contained in paragraph 21 of the Complaint.

22. Elegant admits each and every allegation contained in paragraph 22 of the Complaint.

23. Elegant admits each and every allegation contained in paragraph 23 of the Complaint.

24. Elegant admits each and every allegation contained in paragraph 24 of the Complaint.

25. Elegant admits each and every allegation contained in paragraph 25 of the

Complaint.

26.     Elegant admits each and every allegation contained in paragraph 26 of the Complaint.

27.     Elegant admits each and every allegation contained in paragraph 27 of the Complaint.

28.     Elegant denies each and every allegation contained in paragraph 28 of the Complaint except admits that the invoices called for payment within 120 days of the ship date.

29.     Elegant denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Elegant denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Elegant sold the goods after spending additional amounts to correct the defects in and/or non-conforming nature of the goods.

## COUNT ONE – BREACH OF CONTRACT

31.     Elegant repeats and realleges each and every response in paragraphs 1 through 30 of the Complaint, as if fully set forth herein.

32.     Elegant denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Elegant denies each and every allegation contained in paragraph 33 of the Complaint.

## COUNT TWO – ACTION ON ACCOUNT

34.     Elegant repeats and realleges each and every response in paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

35.     Elegant denies each and every allegation contained in paragraph 35 of the

Complaint.

36.     Elegant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 36 of the Complaint.

37.     Elegant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 37 of the Complaint.

38.     Elegant denies each and every allegation contained in paragraph 38 of the Complaint.

## COUNT THREE – UNJUST ENRICHMENT

39.     Elegant repeats and realleges each and every response in paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

40.     Elegant admits the allegations contained in paragraph 40 of the Complaint except specifically denies that it contracted with Plaintiff for defective and/or non-conforming goods.

41.     Elegant denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Elegant denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Elegant denies each and every allegation contained in paragraph 43 of the Complaint.

## COUNT FOUR - CONVERSION

44.     Elegant repeats and realleges each and every response in paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

45.     Elegant denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Elegant denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Elegant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and refers all questions of law to the Court.

48.     Elegant denies each and every allegation contained in paragraph 48 of the Complaint.

## COUNT FIVE – PUNITIVE DAMAGES

49.     Elegant repeats and realleges each and every response in paragraphs 1 through 48 of the Complaint, as if fully set forth herein.

50.     Elegant denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Elegant denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Elegant denies each and every allegation contained in paragraph 52 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The COMPLAINT fails to state facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Doctrine of Unclean Hands bars each and every one of plaintiff's claims.

## THIRD AFFIRMATIVE DEFENSE

The Doctrines of waiver, estoppel, and/or laches bars each and every one of plaintiff's

claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates Elegant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New Jersey, and therefore fails to state a claim on which punitive damages can be awarded.

## FIFTH AFFIRMATIVE DEFENSE

To the extent any contract(s) exists between the parties, plaintiff has failed to comply with its obligations under the terms and conditions of said contract(s) and has failed to satisfy one or more conditions precedent under said contract(s).

## SIXTH AFFIRMATIVE DEFENSE

To the extent any contract(s) exists between the parties, Elegant's performance has been excused by plaintiff's material breach(es) of said contract(s).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff shipped defective and/or non-conforming goods to Elegant, thereby causing damages to Elegant. To the extent that Elegant is found liable to plaintiff, which liability is specifically denied by Elegant, Elegant is entitled to a set-off for its damages against any amount to which plaintiff is found to be entitled to recover from Elegant.

## COUNTERCLAIMS

## AS AND FOR A FIRST COUNTERCLAIM
### (Breach of Contract)

1.      Throughout 2005, Elegant entered into several purchase orders with Plaintiff, under which Plaintiff agreed to ship certain goods to Elegant.

2.      Pursuant to those purchase orders, Plaintiff shipped certain goods, including seat

covers to Elegant.

3.      Upon information and belief, 68,874 seat covers shipped by Plaintiff were defective.

4.      On February 24, 2006, Elegant e-mailed Plaintiff to inform it that the seat covers were defective.

5.      Plaintiff failed to respond to the e-mail or cure the defective goods.

6.      Elegant was forced to spend $3.12 per defective seat cover, totaling $214,887, to repair the merchandise in order to be able to sell the goods to consumers.

7.      Elegant also had to repay customers an additional $134,537 due to the defective seat covers.

8.      Plaintiff breached the terms of the contract with Elegant by shipping defective goods.

9.      Elegant has performed all conditions precedent under the contract with Plaintiff.

10.     As a direct and proximate result of Plaintiff's breach of contract, Elegant has suffered damages in the minimum amount of $349,424.

## AS AND FOR A SECOND COUNTERCLAIM
### (Breach of Warranty)

11.     Elegant hereby realleges and incorporates by reference each and every allegation contained in paragraph 1 through 9 of its First Counterclaim as though fully set forth herein.

12.     Plaintiff is a "merchant" within the meaning of the Uniform Commercial Code Section 2 and N.J. Stat. § 12A:2-104.

13.     The seat covers purchased by Elegant are "goods" within the meaning of the Uniform Commercial Code Section 2 and N.J. Stat. § 12A:2-105.

14.     Plaintiff's conduct as described herein constitutes a breach of implied or express

warranty merchantability in violation of Uniform Commercial Code Section 2 and N.J. Stat. §
12A:2-314.

15.     In particular, the seat covers sold by Plaintiff were not merchantable at the time of
sale due to defective nature of the goods.

16.     As a direct and proximate result of Plaintiff's breach of warranty, Elegant has
suffered damages in the minimum amount of $349,424 by trying to cure the defective nature of
the seat covers.

**WHEREFORE**, Elegant demands judgment as follows:

a.     dismissing the Complaint in its entirety;

b.     on the First Counterclaim for Breach of Contract, in the amount of $349,424;

c.     on the Second Counterclaim for Breach of Warranty, in the amount of $349,424;
and

d.     such other and further relief as the Court deems just and proper, including its
costs and attorneys' fees.

Dated: September 11, 2006               ROPERS, MAJESKI, KOHN & BENTLEY, P.C.

By:                                      
                        ERIC C. WEISSMAN (EW 7172)
                        Attorneys for ELEGANT USA, LLC
                        17 State Street, Suite 2400
                        New York, New York 10004
                        Tel:  (212) 668-5927
                        Fax:  (212) 668-5929